*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOEL EUSEVIO DAVIS,

Defendant-Appellant.

UNPUBLISHED
November 12, 2019

No. 332081
Wayne Circuit Court
LC No. 15-005481-01-FH

ON REMAND

Before: GLEICHER, P.J., and M. J. KELLY and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. In our initial opinion, we held that the crimes of aggravated domestic assault and assault with intent to do great bodily harm (AWIGBH) are mutually exclusive with one another considering the statutory language defining each crime. *People v Davis*, 320 Mich App 484, 494-496; 905 NW2d 482 (2017). The Supreme Court reversed, finding that because the jury was not instructed on the negative element for aggravated domestic assault, i.e., "that defendant acted *without* the intent to inflict great bodily harm," the verdicts were not mutually exclusive. *People v Davis*, 503 Mich 984 (2019). In other words, because the jury was not instructed on the inconsistent nature of the two offenses, it did not render inconsistent findings.

In my view, our prior opinion erred by defining the problem as one of mutually exclusive *verdicts* instead of a mutually exclusive *judgments*. The Supreme Court reversed because verdicts cannot be mutually exclusive when the jury is not instructed on the element that creates the inconsistency. I respectfully suggest, however, that while whether or not a jury is instructed on a negative element is relevant to a claim of mutually exclusive verdicts, it is irrelevant to the question whether the court violates a defendant's due process rights by entering a judgment for two crimes that by their terms cannot exist simultaneously. The jury is not aware that the crimes are by their plain language mutually exclusive, but the court is and, in my view, must therefore decline to enter a judgment of conviction for both offenses. That the offenses are mutually exclusive is apparent on the face of the statutes. AWIGBH occurs when the defendant either

-1-

assaults a person by strangulation or suffocation (neither of which apply here), or when the defendant "[a]ssaults another person *with intent to do great bodily harm . . .* ." MCL 750.84(1)(a) (emphasis added). In contrast, a defendant commits aggravated domestic assault when he inflicts serious or aggravated injury "*without intending to . . . inflict great bodily harm . . . .*" MCL 750.81a(2) (emphasis added).

The majority notes that MCL 750.84(3) provides that "[t]his section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law arising out of the same conduct as the violation of this section." I agree; a conviction for AWIGBH does not immunize a defendant against convictions of other crimes arising out of the assault. However, the question is not whether as a general matter a defendant may be convicted of other crimes arising out of the assault, but whether the judicial system may adjudge a defendant guilty of two crimes when the statutes defining them make clear that factually only one can exist at a time, i.e., either a defendant has the intent to do great bodily harm or not.[1]

In a recent case, the Supreme Court acknowledged that relying on acquitted conduct to increase a defendant's sentence " 'mak[es] no sense as a matter of law or logic,' " and is "a 'perver[sion] of our system of justice,' as well as 'bizarre' and 'reminiscent of *Alice in Wonderland.*' " *People v Beck*, ___ Mich ___, ___; ___ NW2d ___ (2019) (Docket No. 152934); slip op at 20 (citations omitted; first alteration added). I would conclude that this characterization applies equally to a court's entry of judgment of guilt for two offenses that by their terms cannot exist simultaneously.

/s/ Douglas B. Shapiro

---

[1] The majority undertakes a thoughtful analysis of legislative intent reviewing the interplay of various amendments. However, none of the amendments speaks to the specific contradictory language in the offenses before us.